PATRICIA SHEVLIN                                                                                                     PLAINTIFF

vs.

TRACEY LYNN REID, et al                                                              DEFENDANTS

**ANSWER OF DEFENDANT, SAVANNAH MARIE WHITAKER**
*Electronically Filed*

Comes now the Defendant, **SAVANNAH MARIE WHITAKER**, *pro se*, for her Answer to the Complaint, hereby states as follows:

1. The Defendant is without sufficient information to admit or deny the allegations in Paragraphs 1 through 3 of the Complaint.

2. The Defendant admits to the allegations contained in Paragraph 4 of the Complaint insofar as she is an individual who resides in Phoenix, Arizona. The Defendant otherwise denies the remaining allegations in Paragraph 4 of the Complaint.

3. The Defendant denies the allegations contained in Paragraphs 4 through 6 of the Complaint.

4. Paragraph 7 of the Complaint states a legal conclusion and therefore no response is required. To the extent that a response is required, the Defendant is without sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint.

5. The Defendant is without sufficient information to admit or deny the allegations in Paragraphs 8 through 11 of the Complaint.

6. The Defendant admits to the allegations contained in Paragraph 12 of the Complaint insofar as she has uploaded one (1) video to her YouTube channel in which she discussed Paparazzi jewelry. but expressly denies the remaining allegations in Paragraph 12 of the Complaint.

7. The Defendant denies the allegations in paragraphs 13 of the Complaint.

8. Paragraph 14 of the Complaint does not call for a response from this Defendant, however, this Defendant denies having participated in the production or publication of the video referenced in the hyperlink contained in Paragraph 14 of the Complaint.

9. Paragraphs 15 through 17 of the Complaint do not pertain to this Defendant, and therefore do not call for a response from this Defendant. To the extent that a response is required, this Defendant is without sufficient information to admit or deny the allegations in Paragraphs 15 through 17 of the Complaint.

10. The Defendant is without sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint.

11. With regard to the allegations contained in Paragraph 19 of the Complaint, this Defendant admits that a video was published on October 02, 2021 in which this Defendant and the Plaintiff both appeared. The Defendant otherwise denies the remaining allegations in Paragraph 19 of the Complaint.

12. The Defendant denies the allegations in Paragraphs 20 through 22 of the Complaint.

13. The Defendant is without sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint, as the hyperlink provided is either incorrect or broken as it does not link to a video as of this Defendant's attempt to access it on the filing date of the instant pleading.

14. The Defendant denies the allegations in Paragraphs 24 and 25 of the Complaint.

15. The Defendant is without sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint, as the hyperlink provided is either incorrect or broken as it does not link to a video as of this Defendant's attempt to access it on the filing date of the instant pleading.

16. The Defendant denies the allegations contained in Paragraph 27 of the Complaint.

17. Paragraphs 28 and 29 of the Complaint do not call for a response from this Defendant, however, this Defendant denies having participated in the production and/or publication of the video referenced in the hyperlink contained in Paragraph 28 of the Complaint. To the extent a response is required, the Defendants denies the allegations on Paragraphs 28 and 29 of the Complaint.

18. The Defendant is without sufficient information to admit or deny the allegations in Paragraph 30 of the Complaint.

19. The Defendant denies the allegations in Paragraphs 31 and 32 of the Complaint, and specifically denies having "published" any such statements of the nature described.

20. The Defendant is without sufficient information to admit or deny the allegations in Paragraphs 33, 34, and 35 of the Complaint.

21. The Defendant denies the allegations contained in Paragraph 36 of the Complaint.

22. The Defendant is without sufficient information to admit or deny the allegations in Paragraphs 37, 38, and 39 of the Complaint, and further reiterates a general denial of publishing any videos or statements of the nature described.

23. Paragraph 40 of the Complaint does not call for a response from the Defendant. To the extent that a response is required, the Defendant is without sufficient information to admit or deny the allegations in Paragraph 40 of the Complaint.
24. The Defendant denies the allegations set forth in Paragraphs 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, and 51 of the Complaint. Specifically, this Defendant denies having created, authored, published, broadcasted, or otherwise communicated any disparaging statements of fact about the Plaintiff. The Defendant is otherwise without sufficient information to admit or deny the remaining allegations in the above-referenced paragraphs of the Complaint.
25. Paragraph 52 of the Complaint does not call for a response from the Defendant. To the extent that a response is required, the Defendant is without sufficient information to admit or deny the allegations in Paragraph 52 of the Complaint.
26. The Defendant denies the allegations set forth in Paragraphs 53, 54, 55, 56, 57, and 58, of the Complaint. Specifically, this Defendant denies having created, authored, published, broadcasted, or otherwise communicated any statements intended to place the Plaintiff in bad light. The Defendant is otherwise without sufficient information to admit or deny the remaining allegations in the above-referenced paragraphs of the Complaint
27. Paragraph 59 of the Complaint does not call for a response from the Defendant. To the extent that a response is required, the Defendant is without sufficient information to admit or deny the allegations in Paragraph 59 of the Complaint.
28. The Defendant is without sufficient information to admit or deny the allegations set forth in Paragraphs 60, 61, 62, 63, and 64 of the Complaint. Specifically, this Defendant denies having created any videos or statements created, authored, published, broadcasted, or otherwise communicated with malice or any intention to injure the Plaintiff as she alleges in her Complaint. The Defendant is otherwise without sufficient information to admit or deny the remaining allegations in the above-referenced paragraphs of the Complaint.
29. Paragraph 65 of the Complaint does not call for a response from the Defendant. To the extent that a response is required, the Defendant is without sufficient information to admit or deny the allegations in Paragraph 65 of the Complaint.
30. The Defendant denies the allegations in Paragraphs 66 and 67 of the Complaint.
31. The Defendant is without sufficient information to admit or deny the allegations in Paragraphs 68 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint and each and every claim thereof against the Defendant fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The challenged statements insofar as relating to the Defendant about which Plaintiff complains are protected opinions.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendant are barred, in whole or in part, because the Defendant did not intrude into any private matter concerning Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims against the Defendant are barred by laches.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims against the Defendant are barred by estoppel due to her own actions or inactions, statements, and/or conduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendant are barred because the damages which Plaintiff seeks were proximately caused in whole or part by her own negligence or reckless disregard.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendant for damages are barred in whole or part by her own failure to mitigate her damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendant are barred because the damages which she seeks resulted from the actions and/or conduct of other parties over whom the Defendant had no responsibility or control, and the Defendant relies upon same as a complete bar to the claims made against her individually and jointly herein.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendant are barred because the damages which she seeks resulted from some intervening and/or superseding cause over which the Defendant had no responsibility or control, and the Defendant relies upon same as a complete bar to the claims made against her individually and jointly herein.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendant are barred because the damages which they seek resulted from her own negligence or knowing participation in the alleged unlawful acts and this Defendant would rely upon same as a complete or partial bar to the claims made against her individually and jointly herein.

### ELEVENTH AFFIRMATIVE DEFENSE

Any of the Plaintiff's claims related to statements by the Defendant are in whole and/or in part true or substantially true.

### TWELFTH AFFIRMATIVE DEFENSE

The Defendant asserts that any statements and/or publications made by her to be protected by conditional and/or absolutely privileged and/or justified insofar as information that affects a sufficiently important public interest, and her knowledge of the information is/will be of service in the lawful protection of that interest.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendant are barred by the First Amendment to the United States Constitution and Sections 1 and 8 of the Kentucky Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims against the Defendant are barred by the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims against the Defendant are barred by waiver.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendant are barred, in whole or in part, because there is no "implied civil conspiracy" under Kentucky law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff'S claims may be barred, in whole or in part, by Plaintiff's failure to join indispensable parties in this case.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The negligence and/or other actions, conduct, and/or statements of others, if any, may have been active and primary in causing the injuries and damages about which Plaintiff complains, and if Defendant is adjudged liable, others are primarily liable. Defendant may accordingly be entitled to apportionment or indemnity.

### NINTEENTH AFFIRMATIVE DEFENSE

Defendant reserveS the right to file further pleadings and assert other defenses in this action based on legal theories that may or will be divulged through clarification of the Complaint, through discovery, or through

further legal analysis of the Complaint's legal claims. Similarly, Defendant reserveS the right to assert complaints, counterclaims, cross-claims, and third- party claims, as necessary.

**WHEREFORE**, the Defendant, **SAVANNAH MARIE WHITAKER**, respectfully pray for the following relief on:

1. The Plaintiff's Complaint against the Defendant be dismissed with prejudice;
2. For their costs herein expended;
3. Trial by jury on all issues so triable; and
4. Any and all other legal and equitable relief to which this Defendant may be entitled.

Respectfully Submitted,

/s/ E. Seth Combs
**E. Seth Combs, KBA#: 96093**
*P.O. Box 1590*
*Hindman, Kentucky 41822*
*P | 606.785.5556*
*F | 606.785.0015*
*E | seth@sethcombs.net*
Counsel for *Defendant, Savannah Whitaker*

## CERTIFICATE OF SERVICE

On March 30, 2022, I electronically filed this document through the ECF system, which will send notice of electronic filing to:

| | |
|---|---|
| **Hon. Andrew C. Stebbins** | **Hon. Daniel E. Hancock** |
| *Minc LLC* | *Fultz Maddox Dickens PLC* |
| **200 Park Avenue, Suite 200** | **101 South Fifth Street, 27th Floor** |
| **Orange Village, Ohio  44122** | **Louisville, Kentucky 40202** |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

./s/ E. Seth Combs
**E. Seth Combs, KBA#: 96093**
*Counsel for Defendant, Savannah Whitaker*