*ELECTRONICALLY FILED*

UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PATRICIA SHEVLIN<br><br>  PLAINTIFF,<br>v.<br><br>TRACEY LYNN REID, ET AL.<br><br>  DEFENDANTS. | CIVIL ACTION NO. 2:22-CV-00018 |

**INITIAL DISCLOSURES OF DEFENDANT GERALDINE LEE SOUZA**

\*\*\* \*\*\* \*\*\* \*\*\*

Comes Defendant Geraldine Lee Souza, by counsel, pursuant to Federal Rule of Civil Procedure 26(a)(1), by counsel, based on information presently available and currently known, make their Initial Disclosures as follows:

1. **NAMES AND ADDRESSES OF WITNESSES LIKELY TO HAVE DISCOVERABLE INFORMATION**:

    A. Plaintiff Patricia Shevlin, can be contacted through counsel;

    B. Defendant Tracey Lynn Reid, can be contacted through Counsel;

    C. Defendant Savannah Marie Whitaker, can be contacted through Counsel;

    D. Employees, Officers, Directors, Attorneys, Agents, Independent Contractors and Promoters of Paparazzi Jewelry, specific identities and location are currently unknown ;

    E. Employees, Officers, Directors, Attorneys and Agents of Plaintiff Shevlin and businesses she owns and operates, specific identities and location are currently unknown;

    F. Chadwick Lee, 103 Willowbottom Drive, Greer, SC 29651;

G. Nedia Hatch, 614 Pop Hollow Road, Clinton, TN 37716;

H. Micheline Crumm, 903 Fox Squirrel Ridge Road, Pickens, SC 2967;

I. Shari Terry, 13224 S Utah Avenue, Davenport, IA 52804;

J. Varonica Oehl, 453 Trellis Bay Drive, St. Augustine, Florida 32092;

K. Joanne Jean Rivens, 111 Bryan Street, Havenlock, NC 28532;

L. Molly Davis, 866 Larkridge Avenue, Youngstown, OH 44512;

M. Jennifer Carroll, 1641 S. 2600 W. Aberdeen, Idaho 83210;

N. Cathy Fox, 609 E Columbus Street, Martinsville, IN 46151;

O. Amy Lynn Anderson, 5746 Hwy 152E, Rockwell, NC 28138;

P. Kelly L. Wouters, PhD, Laboratory Director, Armstrong Forensic Laboratory, Inc., 330 Loch'n Green Trail, Arlington, Texas 76012-1883;

Q. Randy Thomas, Waypoint Analytical, 2790 Whitten Road, Memphis, Tennessee, 38133;

R. K. Banyas and J. Burmeister, Applied Technical Services, 1049 Triad Court, Marietta, Georgia 30062;

S. Employees Officers, Directors, Attorneys and Agents of Tic-Toc Social Media Platform, specific identities and location are currently unknown;

T. Employees Officers, Directors, Attorneys and Agents of Instagram Social Media Platform, specific identities and location are currently unknown;

U. Employees Officers, Directors, Attorneys and Agents of Facebook Social Media Platform, specific identities and location are currently unknown;

V. Plaintiff ;

W. Expert witness on The Freedom of Speech and Constitutional Defenses presented by this Defendant, the specific expert witness(es) are unknown at this time and will be identified in conjunction with the Court's Civil Trial Order;

    X. Other individuals, employees, contractors, vendors and persons known to Plaintiffs that are currently unknown to Defendants;

    Y. Louisville Metro Police that took the theft report and assisted with recovery of certain items of loss;

    Z. Any and all individuals identified by other parties to this action.

2. DOCUMENTS

    A. Plaintiff's business and related files and documents, including but not limited to correspondence, emails, letters, notes, electronic records, diaries, logs, social media posts, videos, blogs, social media videos, internet videos, comments on other individual(s), business(es), accounts social media posts, insurance policies, written instructions, manuals, policies, and guidelines prepared and presented to Plaintiff by Paparazzi Jewelry, computer programs and analysis, financial documents, Federal, State and local tax returns, etc.;

    B. Paparazzi Jewelry's business, financial, and related files and documents, including but not limited to correspondence, emails, letters, notes, electronic records, diaries, logs, social media posts, comments on social media posts, videos posted on the internet and social media; Apps, insurance policies, policy manuals, procedure manuals, testing reports, written instructions and guidelines of prepared and presented to Independent Contractors, Promoters, Employees, Officers, Directors, and Owners of Paparazzi Jewelry, computer programs and analysis, Federal, State and Local tax returns, etc.;

    C. Defendant Tracey Lynn Reid's business and related files and documents, including but not limited to correspondence, emails, letters, diaries, notes, logs, electronic instructions, electronic records, social media posts,

      comments on social media, videos posts on the internet and social media sites, Apps, insurance policies, logs, financial records or electronic instructions, guidelines provided to her by Paparazzi Jewelry; computer programs and analysis, etc.;

D. Defendant Savannah Marie Whitaker's business and related files and documents, including but not limited to correspondence, emails, letters, diaries, notes, logs, electronic instructions, electronic records, social media posts, comments on social media, video posts on the internet and social media sites, Apps, insurance policies, logs, financial records or electronic instructions, guidelines provided to her by Paparazzi Jewelry; computer programs and analysis, etc.;

E. Files and documents in possession or previously in the possession of Plaintiff's Commercial Liability Insurer, including but not limited to correspondence, notes, memos, electronic records, insurance policies, logs, insurance manuals, guidelines and claims handling manuals and instructions, etc.;

F. Laboratory Testing Report – Kelly L. Wouters, PhD, Laboratory Director, Armstrong Forensic Laboratory, Inc., 330 Loch'n Green Trail, Arlington, Texas 76012-1883, report dated March 11, 2022;

G. Chemical Test Report – K. Banyas and J. Burmeister, Applied Technical Services, 1049 Triad Court, Marietta, Georgia 30062, Report dated January 25, 2022, report dated January 25, 2022;

H. Laboratory Test Report – Randy Thomas, Waypoint Analytical, 2790 Whitten Road, Memphis, Tennessee, 38133, report date January 3, 2022;

I. Files, documents, videos, posts, comments, account information in possession or previously in the possession of Tic-Toc Social Media Platform related to Plaintiff and Paparazzi Jewelry, including but not

limited to posts, messages, comments, correspondence, notes, memos, electronic records, videos, account information, comments, deleted posts and deleted comments, logs, manuals, guidelines and account handling manuals and instructions, etc.;

J. Files, documents, videos, posts, comments, account information in possession or previously in the possession of Instagram Social Media Platform related to Plaintiff and Paparazzi Jewelry, including but not limited to posts, messages, comments, correspondence, notes, memos, electronic records, videos, account information, comments, deleted posts and deleted comments, logs, manuals, guidelines and account handling manuals and instructions, etc.;

K. Files, documents, videos, posts, comments, account information in possession or previously in the possession of Facebook Social Media Platform related to Plaintiff and Paparazzi Jewelry, including but not limited to posts, messages, comments, correspondence, notes, memos, electronic records, videos, account information, comments, deleted posts and deleted comments, logs, manuals, guidelines and account handling manuals and instructions, etc.;

L. Police Reports and Loss Reports possibly filed with Police or investigative agencies;

M. Affidavits of Loss submitted and filed by Plaintiff;

N. Insurance Policies written and underwritten by Plaintiff's insurer(s) and/or their agents or assigns;

O. Photos, Videos and Screen Shots of social media posts pertaining to Plaintiff's claims for loss;

P. Plaintiff has in her possession and shall disclose social media posts, videos and comments pertaining to Plaintiff, social media posts, videos and

        comments related to Paparazzi Jewelry, social media posts, videos and comments wherein Plaintiff pretended to be someone else and assumed an alter ego to harass, antagonize and intentionally solicit responses from Defendant, social media posts, videos and comments wherein Plaintiff pretended to be someone else and assumed an alter ego to lie, intimidate and defame this Defendant, social media posts, videos and comments wherein Plaintiff begged and pleaded for Defendant to appear on social media with this Defendant, social media posts, video and comments where Plaintiff appeared (as a public figure) with this Defendant to discuss and openly discuss, entertain criticism and defend herself, her company and her position and status in the community; and,

   Q. All documents listed or possessed by the Plaintiff and Co-Defendants that are not currently in possession of this Defendant.

3. COMPUTATION OF DAMAGES

   A. This Defendant is not claiming damages in this case, at this time.

4. INSURANCE AGREEMENTS

   A. Defendant does not have insurance applicable or available to pay a judgment in this case.

Defendant, respectfully, reserves all rights, including the right to amend the aforementioned disclosures as necessary or as required by rule, law or Court order.

RESPECTFULLY SUBMITTED,

**BLUEGRASS LAWYERS, PLLC**

*/s/ David C. Travis*_____
DAVID C. TRAVIS
Chamberlain Pointe Lifestyle Center
4612 Chamberlain Lane, Suite 210
Louisville, KY 40241
Phone: (502) 576-2666
Email: *David @Bluegrass-Lawyers.com*
Attorney for Defendant Souza

## CERTIFICATE OF SERVICE

    I hereby certify that on June 21, 2022, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties and counsel requesting such service herein.

*/s/ David C. Travis*

*ELECTRONICALLY FILED*