# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION AT COVINGTON

PATRICIA SHEVLIN,

    Plaintiff

v.

TRACEY LYNN REID, et al.,

    Defendants.

Civil Action No. 2:22-cv-00018-WOB-EBA

## DEFENDANT, TRACEY LYNN REID'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(1), Defendant, Tracey Lynn Reid ("Reid"), through counsel, submits the following disclosures:

## PRELIMINARY STATEMENT

The following disclosures are made based on the information reasonably available to Reid as of the date of this disclosure and represent a good faith effort to identify information Reid may use to support his claims and defenses in response to the allegations set forth in the Complaint as required by FRCP 26(a)(1).

Reid has not yet completed his investigation of the facts relevant to this lawsuit, and consequently, these disclosures are based only upon information currently known to Reid. Further investigation, research, and analysis may supply additional facts and documents, which may lead to additions or changes to these disclosures.

Reid reserves the right to supplement these disclosures upon the discovery of additional information, or the extend that Plaintiff asserts, clarifies, modifies, or otherwise develops additional or different negligence theories in this lawsuit. The information contained in these Initial Disclosures is provided without prejudice to Reid's right to produce witnesses or documents omitted from these disclosures by oversight or inadvertence.

# RULE 26(a)(1) INITIAL DISCLOSURES

**I.     Name, address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses.**

At this time, Reid has not completed her investigation and discovery into the subject allegations and, therefore, Reid reserves the right to supplement these disclosures as discovery and Reid's investigation continues. Reid is presently aware of the following individuals who may possess responsive information concerning the circumstances surrounding the subject claims and the nature and extent of Plaintiff's alleged damages:

1. Plaintiff, Patricia Shevlin ("Shevlin"), to be contacted through her counsel. It is anticipated that Shevlin should have information supporting the facts of the case as she believes them to be, along with her alleged damages believed to be associated with the actions of the Defendants.

2. Tracey Lynn Reid: to be contacted through counsel. Reid has information supporting the defenses contained within her Amended Answer demonstrating that no conspiracy existed amongst the Defendants as to Shevlin. More specifically, Reid has information demonstrating that the focus of Defendants' "Tea Time" videos was not Shevlin at all yet Shevlin, either individually or through one or more online aliases, including Karma Chameleon, unilaterally and without provocation made her own comments, posts, messages, live feeds, etc. on various social media platforms seeking to discredit the substance or topics of Defendants' videos to which Defendants responded to with opinions and/or statements made in good faith all of which were true or were believed to be true.

3. Geraldine Lee Souza ("Souza"): to be contacted through her counsel. It is believed that Souza has information corresponding with, and in addition to, that of Reid.

4. Savannah Marie Whitaker ("Whitaker"): to be contacted through her counsel. It is believed that Whitaker has information corresponding with, and in addition to, that of Reid and Souza.

5. Monica Lomonaco ("Lomonaco"): 186 Saw Mill Road, Greentown, PA 18426. Lomonaco is a former close friend of Shevlin and was a direct recruit of Shevlin in Paparazzi Jewelry and has direct and first-hand information as to Shevlin's online statements which were conveyed by Lomonaco to Defendants and repeated in response to Shevlin's attempts to discredit Defendants' posts that had nothing to do with Shevlin. Additionally, Lomonaco has direct and first-hand knowledge as to Shevlin's personal and professional reputation which belie the claims of Shevlin that it is the statements of Defendants that have damaged her reputation.

6. Amanda Meade ("Meade"): 12206 Longmont Drive, Charlotte, NC 28277. Meade has direct and first-hand knowledge and information as to Shevlin's online statements which were conveyed by Meade to Defendants and repeated in response to Shevlin's attempts to discredit Defendants' posts that had nothing to do with Shevlin.

7. Janet Goforth Radley ("Radley"): 12245 Oak Avenue, Bailey, NC 27807. Radley has direct and first-hand knowledge and information regarding direct messaging conversations with Shevlin through Clubhouse wherein Shevlin mocked Radley for having a mini-stroke. Radley also has written apologies from Shevlin as a result of her comments.

8. Sophia Cornell ("Cornell"): 595 Pleasant Street, Leicester, MA 01524. Cornell has direct and first-hand knowledge and information regarding verbal statements from Shevlin on a Facebook Live broadcast wherein Shevlin told Cornell that had she prayed harder her baby would not have died. Additional members of Cornell's family, including her husband George Cornell and mother-in-law, Tammy Cornell, were also

watching Shevlin's Facebook Live broadcast and have first-hand knowledge of Shevlin's statements to Cornell.

9. Melissa Sorenson ("Sorenson"): address unknown. Sorenson has direct and first-hand knowledge and information as to Paparazzi employees, sales consultants, etc. along with company-wide sales information which demonstrate that Paparazzi sales are down 75% on the whole, and therefore, any loss by Shevlin is wholly unrelated to any claimed statements of Defendants.

10. Chadwick Lee ("Lee"): 103 Willowbottom Dr., Greer, SC 29651. Lee is a former Paparazzi consultant who was terminated and has direct and first-hand knowledge and information demonstrating that he was counseled and encouraged by Shevlin to sign up again through Shevlin using Lee's wife's credentials which is against company policy.

11. Ashley Gaskin ("Gaskin"): 536 Aberdeen Road, Frankfort, IL 60423. Gaskin is a current or former direct downline consultant of Shevlin who had previously been terminated by Paparazzi and has direct and first-hand knowledge and information demonstrating that she was counseled and encouraged by Shevlin to sign up again through Shevlin using alternative credentials which is against company policy.

12. Faith Reynis ("Reynis"): address unknown. Reynis is a former Paparazzi consultant who has information about statements Shevlin made about Reynis with regard to the passing of Reynis's mother, in which Shevlin intimated that had Reynis prayed harder her mother would not have passed away.

13. Will and Andrew Thompson (collectively referenced as "Thompson"): 2736 Shoni Drive, Navarre, FL 32566. Thompson are former personal friends of Shevlin, have been to her home, have information and first-hand knowledge as to Shevlin's reputation both personally and professionally, and have first-hand knowledge and information concerning conversations with Shevlin regarding her desire to be on Tea

Time and her attempts to harass and provoke Defendants personally or through the use of social media aliases, including Karma Chameleon.

14. Kelly L. Wouters, PhD ("Wouters"), Laboratory Director, Armstrong Forensic Laboratory, Inc., 330 Loch'n Green Trail, Arlington, Texas 76012-1883. Wouters issued a report following her laboratory testing of Paparazzi jewelry and has first-hand knowledge and information regarding the results of such testing, methods of testing, and items tested.

15. Randy Thomas ("Thomas"), Waypoint Analytical, 2790 Whitten Road, Memphis, Tennessee, 38133. Thomas issued a report following his laboratory testing of Paparazzi jewelry and has first-hand knowledge and information regarding the results of such testing, methods of testing, and items tested.

16. K. Banyas ("Banyas") and J. Burmeister ("Burmeister"), Applied Technical Services, 1049 Triad Court, Marietta, Georgia 30062. Banyas and Burmeister issued a report following their chemical testing of Paparazzi jewelry and have first-hand knowledge and information regarding the results of such testing, methods of testing, and items tested.

17. Sarah Cady, PhD ("Cady"), Iowa State University, 1234 Hach Hall, Ames, IA. Cady has reviewed the results of the laboratory testing of Paparazzi Jewelry and provided opinions as to the results of same.

18. Anonymous Facebook user "ExPappa": name and address currently unknown: ExPappa is believed to be a former Paparazzi corporate administration staffer who has communicated directly with Reid through social media as to the substance and veracity of Defendants' "Tea Time" videos and can provide first-hand knowledge as to Paparazzi compliance requirements.

19. Any and all individuals identified by the other parties to this action.

**II. A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses.**

The following documents or categories of documents may be used to support one or more of Reid's defenses and which are currently electronically stored by Reid. The listing of these materials does not, however, indicate any conclusion on the part of Reid that the materials are admissible evidence for any purpose in this action. The following documents may be requested from Reminger Co. LPA, 250 Grandview Drive, Suite 550, Ft. Mitchell, KY 41017. Reid reserves the right to assert any and all applicable privileges and/or objections with regard to production of these documents. Documents containing confidential information will be produced only upon entry of an appropriate confidentiality agreement and protective order governing the documents' dissemination and use.

1. Any and all Tea Time videos;
2. Any and all text messages with Souza and/or Whitaker;
3. Any and all emails messages with Souza and/or Whitaker;
4. Any and all social media posts and corresponding comments on any platform by Reid, Souza, Whitaker, Shevlin, any witness listed by Reid or the other parties to this action, and any other individual which support Reid's defenses;
5. Any and all social media messaging platforms, including but not limited to, Facebook, Instagram, and Clubhouse involving Reid, Souza, Whitaker, Shevlin, any witness listed by Reid or the other parties to this action, and any other individual which support Reid's defenses;
6. Any and all photos and/or screenshots of messages, posts, memes, comments, deleted posts and comments, which support Reid's defenses;
7. Any and all videos, other than Tea Time, supporting Reid's defenses;
8. Any and documents that Reid subsequently obtains or becomes aware of.

**III. A computation of each category of damages claimed by the disclosing party.**

Reid is not claiming damages in this action.

**IV. Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

At the time of the subject acts in controversy, Reid was covered under a Homeowners Protection Policy through Progressive Home.

Respectfully submitted,

*/s/ Matthew A. Taulbee*
Matthew A. Taulbee
REMINGER CO., L.P.A.
250 Grandview Drive, Suite 550
Ft. Mitchell, KY 41017-5667
Telephone: 859-426-3667
Fax: 859-283-6074
E-mail: mtaulbee@reminger.com
*Counsel for Defendant, Tracey Lynn Reid*

**CERTIFICATE OF SERVICE**

   I, Matthew A. Taulbee, hereby certify that a true and accurate copy of Tracey Lynn Reid's Fed. R. of Civ. P. 26(a)(1) Initial Disclosures have been served this 30th day of June 2021 by using the CM/ECF system, which will send electronic notice to all counsel of record.

               */s/ Matthew A. Taulbee*
               Matthew A. Taulbee