UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO. 2:22-CV-00018-WOB-EBA

PATRICIA SHEVLIN, PLAINTIFF,

V. **ORDER AND REPORT AND RECOMMENDATION**

TRACY LYNN REID, *et al.*, DEFENDANTS.

\*\*\* \*\*\* \*\*\* \*\*\*

On May 20, 2022, the Court entered a Scheduling Order for this case. [R. 23]. Thereafter, the parties filed a joint motion to modify the Scheduling Order. [R. 29]. The Court granted the motion and amended the Scheduling Order's deadlines. [R. 32]. Pursuant to that Order, the discovery deadline in this action is April 24, 2023. However, to date, Plaintiff Patricia Shevlin has not produced *any* discovery. So, Defendant Tracey Lynn Reid, the lone remaining defendant in this action, moved to compel production of discovery. [R. 34]. Six days later, Shevlin's counsel moved to withdraw from this action. [R. 35]. Then, eight days after that, Shevlin, through counsel, moved for an extension of time to respond to Reid's motion to compel.[1] [R. 36].

In their motion to withdraw, Shevlin's counsel, Andrew Stebbins and Laura Brymer, advised that they attempted to contact Shevlin at least *fourteen* times regarding Reid's discovery requests prior to Reid moving to compel production. [R. 35]. They never heard from their client. And in their motion for an extension of time for Shevlin to "obtain new counsel and provide a response to Defendant Reid's motion," they advise that they "have not been contacted by

---

[1] Reid's motion to compel and Shevlin's motion for an extension of time aren't ripe for decision. These motions are discussed solely to provide relevant background.

[Shevlin], and as such, cannot properly respond to Defendant Reid's motion at this time." [R. 36].

Local Rule 83.6(b) governs motions to withdraw. The rule requires counsel to file a motion to withdraw, certify the motion was served on the client, and make a showing of good cause. Stebbins and Brymer certified that their motion was served on Shevlin. [R. 35]. Also, given their client's refusal to communicate with them, good cause supports their motion. [*Id.*]. Thus, the Court will grant the motion to withdraw.

Further, the Court pauses to discuss Shevlin's duty to prosecute this action. "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). The Sixth Circuit has stated,

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. On the other hand is the policy which favors disposition of cases on their merits. In recognizing those competing concerns, this circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citations omitted).

Shevlin is required to participate during discovery. The record shows that she failed to do so. Further, the record shows that she took no steps to conduct discovery or otherwise litigate this matter either before or after Reid moved to compel discovery. *See* [R. 37 at pg. 1] (explaining that Shevlin failed "to respond to discovery and make herself available for deposition"). The undersigned finds there is a clear record of delay or contumacious conduct by Shevlin. *See* [*id.*] (stating that the "previously agreed upon and ordered discovery deadline . . . is no longer feasible" and that the "dispositive motion and *Daubert* motion deadline is also unlikely"). Thus, the undersigned concludes that dismissing Shevlin's Complaint is appropriate, and it will recommend

just that. Having fully considered the matter, and the Court being otherwise sufficiently advised,

IT IS ORDERED that Andrew Stebbins and Laura Brymer's motion to withdraw [R. 35] is GRANTED. Stebbins and Brymer are permitted to withdraw as counsel for Plaintiff Patricia Shevlin and are relieved of further responsibility in this action, except that they shall secure service of this Order on Shevlin.

IT IS RECOMMENDED that this action be DISMISSED and STRICKEN from the Court's docket for failure to prosecute.

\*\*\* \*\*\* \*\*\* \*\*\*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed April 21, 2023.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge